# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39753-2012

ADVANCED MEDICAL DIAGNOSTICS, LLC, )
                                         )
        Plaintiff-Appellant, )
                                           )
v. )
                                           )
IMAGING CENTER OF IDAHO, LLC, )
                                           )
        Defendant-Respondent. )
                                           )

Boise, June 2013 Term

2013 Opinion No. 71

Filed: June 20, 2013

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Juneal C. Kerrick, District Judge.

The order of the district court is <u>affirmed</u>.

Allen B. Ellis, Ellis Brown & Sheils, Boise, argued for appellant.

Jeffrey R. Townsend, Townsend Law, Meridian, argued for respondent.

---

EISMANN, Justice.

    This is an appeal out of Canyon County from a post-judgment order of the district court determining that respondent was the prevailing party in the litigation and awarding it court costs and attorney fees. We affirm the order of the district court, and we award respondent costs and attorney fees on appeal.

## I.
## Factual Background.

    Advanced Medical Diagnostics (Plaintiff) is in the business of providing physician education, marketing, and advertising services to imaging businesses that provide medical services to physicians. Imaging Center of Idaho, LLC, (Defendant) operates a diagnostic imaging center in Caldwell, Idaho. They entered into a written contract under which Plaintiff agreed to provide services to Defendant to develop and grow its business, for which Defendant

agreed to pay a monthly base fee plus volume fees based upon the number of computed tomography scans and magnetic resonance imaging tests completed by Defendant each month.

Defendant ceased making payments under the contract, and on December 22, 2009, Plaintiff filed this action to recover damages for breach of contract. In its amended complaint, Plaintiff alleged claims for breach of contract, unjust enrichment, and reformation of the contract if there was a mutual mistake. Defendant answered and filed a counterclaim alleging breach of contract and misrepresentation, but it later stipulated to dismiss its breach of contract claim.

The matter was tried to a jury that returned a special verdict finding that Plaintiff had proved its claim for breach of contract, but was not entitled to recover damages because Defendant had proved its affirmative defense of mutual mistake; that Plaintiff had failed to prove its claim of unjust enrichment; and that Defendant had proved its claim of misrepresentation, but had failed to prove it suffered any damages.

Defendant filed a memorandum of costs seeking an award of court costs and attorney fees. Plaintiff filed a motion to disallow the request for court costs and attorney fees on the ground that there was no prevailing party. After hearing argument on the motion, the district court entered an order finding that Defendant was the prevailing party in the litigation and awarding it court costs in the sum of $6,970.67 and reasonable attorney fees in the sum of $125,942.50. Plaintiff filed a motion for reconsideration, which the district court denied. Plaintiff timely appealed.

**II.**
**Did the District Court Abuse Its Discretion in Determining**
**that Defendant Was the Prevailing Party?**

The determination of the prevailing party in a lawsuit is guided by Rule 54(d)(1)(B) of the Idaho Rules of Civil Procedure, which states, "In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." "The determination of who is a prevailing party is committed to the sound discretion of the trial court, and we will not disturb that determination absent an abuse of discretion." *Bream v. Benscoter*, 139 Idaho 364, 368, 79 P.3d 723, 727 (2003). "A trial court also has discretion to determine that there is no overall prevailing party." *Costa v. Borges*, 145 Idaho 353, 359, 179 P.3d 316, 322

(2008). "In determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc*., 141 Idaho 716, 719, 117 P.3d 130, 133 (2005).

When we are asked to decide whether a trial court abused its discretion, this Court considers:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Rockefeller v. Grabow*, 139 Idaho 538, 545, 82 P.3d 450, 457 (2003).

In this case, the district court correctly perceived that the issue of determining whether Defendant was the prevailing party was one of discretion. It also stated the correct legal standard for doing so.

The court determined that Defendant was the prevailing party because it "prevailed on the primary issue in this litigation: Whether [Defendant] was liable to [Plaintiff] for damages for breach of the parties' agreement for the provision of physician education and marketing services."

The district court based its determination of the prevailing party on the fact that the primary issue in the litigation was Plaintiff's claim for breach of contract. Plaintiff does not contend that the court was incorrect in finding that Plaintiff's claim was the primary issue in the litigation, nor does it present a record from which we could conclude that such finding was incorrect. Instead, Plaintiff simply bases its argument upon the special verdict. However, that does not indicate the amounts sought by each party or what was the primary issue in the litigation. The determination of prevailing party is not decided merely by counting the answers on the special verdict form and holding that whoever received more answers in its favor is the prevailing party.

In the memorandum submitted by Defendant in opposition to the motion to disallow, it asserted what the amounts of the parties' respective claims were. In that memorandum, Defendant stated:

In looking at the **results** (the final judgment) of the trial defendant came out far ahead of plaintiff. In September of 2010, approximately 4 months prior to the original trial date, plaintiff was seeking in excess of $825,000 from defendant to settle this dispute. At trial plaintiff was asking for damages of between $710,500 and $1,179,614 (Plaintiff Exhibit 128 and 138). Defendant saved at least $710,000 by trying the case. On the other hand, defendant was willing to pay plaintiff $106,650 to settle this claim. By trying the case plaintiff lost at least $106,650.

Defendant made a similar assertion during oral argument on the motion to disallow. Plaintiff did not refute either assertion, and during oral argument it admitted that these assertions were correct, although it stated it objects to the offer to settle being brought to the court.

Based upon the record before us, we cannot conclude that the district court abused its discretion in determining that Defendant was the prevailing party in this litigation because Plaintiff's claim, which it lost, was the primary issue in the litigation. By looking at the issue from an overall view rather than from a claim-by-claim analysis, the court acted within the boundaries of its discretion and within the applicable legal standards, and it reached its decision by the exercise of reason.

### III.
### Did the District Court Abuse Its Discretion
### in Failing to Apportion the Award of Attorney Fees?

Plaintiff contends that the district court was required to segregate the attorney fees between claims upon which Defendant prevailed and those it did not and that it should only be able to recover attorney fees for litigating the claims upon which it prevailed. It cites for that proposition *Brooks v. Gigray Ranches*, 128 Idaho 72, 910 P.2d 744 (1996), and *Willie v. Board of Trustees*, 138 Idaho 131, 59 P.3d 302 (2002). In both of those cases, the prevailing party asserted a claim for which it was statutorily entitled to an award of reasonable attorney fees and a claim for which there was no statute authorizing the award of attorney fees. In that situation, we held that the prevailing party must apportion the fees between the claim upon which it was entitled to recover attorney fees and the claim upon which it was not. That analysis does not apply here because all of the claims asserted in this litigation were to recover in a commercial transaction, for which the prevailing party is entitled to an award of attorney fees. I.C. § 12-120(3). Where one party has been determined to be the overall prevailing party in the litigation

and by statute or contract the prevailing party is entitled to an award of attorney fees on all claims asserted in the litigation, the award of reasonable attorney fees is not required to be limited to the claims upon which the prevailing party prevailed. *Smith v. Mitton*, 140 Idaho 893, 901, 104 P.3d 367, 375 (2004).

Plaintiff also cites *Schroeder v. Partin*, 151 Idaho 471, 259 P.3d 617 (2011), for the proposition that apportionment of the attorney fee award was required commensurate with each party's successes and failures. In *Schroeder*, the trial court found that both Schroeder and Partin were prevailing parties, but awarded each of them the total amount of attorney fees that they requested. We held that "although the district court had discretion to award costs and fees to both Schroeder and Partin as prevailing parties, the court had a duty to apportion to each of the parties only the attorney fees related to the claims upon which each party prevailed." *Id*. at 478, 259 P.3d at 624. *Schroeder* has no application here because the district court did not determine that both Plaintiff and Defendant were prevailing parties. Rule 54(d)(1)(B) allows the trial court to determine that both parties prevailed in part and to apportion the costs and attorney fees between them. In this case, the district court did not find that both parties prevailed in part and therefore no apportionment was necessary.

## IV.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties request an award of attorney fees on appeal pursuant to Idaho Code section 12-120(3). That statute provides that in any civil action to recover in a commercial transaction, the prevailing party shall be allowed a reasonable attorney fee. This was an action to recover in a commercial transaction, and the statute applies even if the only issue on appeal involves the award of attorney fees below. *BECO Constr. Co., Inc. v. J-U-B Engineers Inc.*, 149 Idaho 294, 298, 233 P.3d 1216, 1220 (2010). Because Defendant is the prevailing party on appeal, it is entitled to an award of attorney fees.

## V.
### Conclusion.

We affirm the order of the district court awarding respondent court costs and attorney fees, and we award respondent costs and attorney fees on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**