# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44583

VALIANT IDAHO, LLC, an Idaho limited liability company,

    Cross Claimant-Third Party Plaintiff-Respondent,

v.

NORTH IDAHO RESORTS, LLC, an Idaho limited liability company,

    Cross Defendant-Appellant.

Boise, June 2018 Term

Filed: October 11, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

The judgment of the district court is <u>vacated</u>.

James, Vernon & Weeks, P.A., Coeur d'Alene attorneys for Appellant. Susan P. Weeks argued.

McConnell Wagner Sykes & Stacey, PLLC, Boise, attorneys for Respondent. Richard L. Stacey argued.

---

BEVAN, Justice

North Idaho Resorts, LLC ("NIR") appeals an award of discretionary costs and costs as a matter of right awarded against it in Bonner County. NIR contends that the district court abused its discretion by awarding discretionary costs and that the court's award of some costs as a matter of right was also erroneous. We vacate the judgment of costs and remand.

## I. FACTS AND PROCEDURE

This is an action arising out of a failed golf course and residential development project in Bonner County known as the "Idaho Club." On March 9, 2006, NIR entered into a Real Property Purchase and Sale Agreement with Pend Oreille Bonner Investments, LLC ("POBI") regarding the sale of a golf course, a clubhouse and parcels of real property. NIR did not record a purchase

1

money mortgage against the real property, instead filing a memorandum of sale giving notice of its vendor's lien.

Pend Oreille Bonner Development, LLC ("POBD"), a successor to POBI, subsequently took-out several loans on the real property, agreed to promissory notes, and mortgaged The Idaho Club real property with three different lenders: RE Loans, LLC, Pensco Trust Co., and Mortgage Fund '08 LLC (the "lenders"). POBD ultimately defaulted on its obligations on the promissory notes associated with the mortgages. In addition to defaulting on the notes, POBD failed to pay various mechanics and materialmen, one of which was Genesis Golf Builders, Inc. ("Genesis").

Genesis brought suit against POBD on October 13, 2009, alleging breach of contract and sought to foreclose on its mechanic's lien against POBD's property interest in the Idaho Club. Genesis also named multiple additional defendants in its suit, including the lenders. Cross-claims and counterclaims were alleged by several defendants. The lenders successfully defended the priority of their respective mortgages against all of these claims and cross-claims. The district court called this part of the litigation the "Genesis Suit."

While the Genesis suit was pending, the three lenders assigned their rights to Valiant Idaho, LLC ("Valiant"). Valiant entered the litigation by substituting itself as the real party in interest for the lenders. Valiant then amended the answers filed by the lenders previously, and filed a Counterclaim, Cross-Claim and Third-Party Complaint for Judicial Foreclosure against POBD, as well as to foreclose any interest that NIR and others held in the Idaho Club. NIR countered that it held an interest in the real property superior to Valiant's. The district court called this part of the litigation the "Valiant Foreclosure."

Valiant moved for summary judgment seeking a ruling that the mortgages assigned to it were senior and superior to all interests claimed by any other defendant, including NIR, in the Idaho Club real property. Ultimately, the district court granted Valiant's motion for summary judgment against NIR, finding that NIR's interest in its vendor's lien was subordinated to the mortgage loans because of a 2007 subordination agreement. The court's order held that Valiant's mortgages were "senior to any right, title and interest in the Idaho Club property" by NIR. NIR filed a motion for reconsideration that was also denied by the court. NIR did not participate further in the litigation at that point.

Two other defendants (JV, LLC ("JV") and VP, Inc. ("VP")) survived summary judgment and their claims were litigated in a four-day court trial. The district court found in

2

Valiant's favor, and on July 20, 2016, entered a judgment awarding Valiant damages against POBD in the amount of $21,485,212.26 for its breach of the promissory notes underlying the mortgages. The judgment also declared that Valiant's mortgages had priority over any property interest claimed by NIR or others.

After the trial involving VP and JV's defenses to the Valiant Foreclosure, Valiant filed a memorandum of costs and attorney fees against POBD, as well as against NIR,[1] JV, and VP (hereinafter referred to as the "three defendants"). To understand what went wrong with the cost judgment entered against NIR it is important to begin with Valiant's motion because it frames the issues presented to the district court. Valiant argued that it was entitled to attorney fees against POBD pursuant to the terms of its mortgages and Idaho Code section 12-120(3) which governs the award of attorney fees in commercial transactions. It argued that it had a right to fees against VP, JV, and NIR under Idaho Code section 12-121 because the defenses raised by the three defendants were frivolous. Valiant also sought costs against all four parties. It claimed costs as a matter of right in the amount of $13,755.39 and discretionary costs in the amount of $30,593.64 (total costs of $44,349.03). Valiant requested that VP, JV, and NIR be held jointly and severally liable for the attorney's fees under Idaho Code section 12-121 and the majority of the costs.

After Valiant filed its memorandum, NIR, VP and JV filed objections. POBD did not file an objection. The district court, after reviewing the parties' various filings, determined that Valiant was the prevailing party. No one challenged that determination on appeal.

The district court awarded Valiant attorney's fees and costs against POBD. As noted, the district court viewed the litigation as two discrete parts – the three lenders' defense of the original mechanic's lien claim and Valiant's subsequent prosecution of a cross-claim for breach of contract and a cross-claim and thirty party claims for mortgage foreclosure. The district court awarded costs and fees against POBD in connection with both parts. For the Valiant Foreclosure

---

[1] Valiant contends for the first time on appeal that NIR has waived its right to appeal because it did not join in the objection to costs and attorney's fees filed by VP in this case. The same attorneys represented VP and NIR in the district court, but the objection filed by that law firm was titled "VP, Inc.'s Opposition to Valiant Idaho's Memorandum of Costs and Attorney Fees" and the introductory sentence of the opposition stated that "VP . . . submits this opposition." Even so, the opposition memorandum advanced arguments on behalf of both NIR and VP. We apply I.R.C.P. 8(e) to this question, which directs that we construe the pleadings "as to do justice." *See also* I.R.C.P. 1(b) ("These rules should be construed and administered to secure the just . . . determination of every action and proceeding."). The district court considered the opposition as having been made on behalf of NIR as well as VP, and we do likewise. NIR therefore did not waive its right to pursue its objection in this appeal.

(the part in which NIR, VP and JV participated), the district court made the following award against POBD:

| Valiant Foreclosure | |
|---|---|
| Total Attorney's Fees | $579,460.50 |
| Total Costs as a Matter of Right | $2,869.34 |
| **TOTAL COSTS** | **$582,329.84** |

The only costs as a matter of right awarded against POBD were the service costs involved in initiating the Valiant Foreclosure against twenty-eight other defendants who held an interest in the real property at issue. The district court spared POBD from the remaining costs totaling more than $41,000 in large part because POBD did not defend against the foreclosure or participate adversely to Valiant. The district court reasoned: "To avoid duplicate cost awards, and because POBD did not defend against the Valiant Foreclosure or participate adversely to Valiant at trial, the Court shall assess the remaining costs as a matter of right and discretionary costs incurred by Valiant in the Valiant Foreclosure against JV, VP and NIR, and not against POBD."

The district court then apportioned the remaining costs between the three lenders, reasoning:

> The Court is authorized by Idaho Rule of Civil Procedure 54 to apportion costs between the defendants. Recognizing that NIR participated in pre-and post-trial motion practice, but not in the court trial, this Court apportions the costs as follows:
>
> 1. NIR is responsible for 0.25 of $41,479.69 = $10,369.93
>
> 2. JV is responsible for 0.375 of $41,479.69 = $15,554.88
>
> 3. VP is responsible for 0.375 of $41,479.69 = $15,554.88

The district court denied Valiant's request for attorney's fees against the three defendants, concluding: "Though *some* of the claims and defenses raised by JV, NIR and VP lacked any factual or legal basis, viewing the entire course of the litigation, this Court does not believe that JV, NIR or VP defended this action frivolously, unreasonably, or without foundation."

NIR timely filed its appeal thereafter, challenging only the court's award of these costs against it.

4

## II. STANDARD OF REVIEW

This Court has long held that "[t]he award of costs as a matter of right and discretionary costs is subject to the trial court's discretion. I.R.C.P. 54(d)(1)(C, D)." *Great Plains Equip. Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 474, 36 P.3d 218, 226 (2001). In considering whether the district court abused its discretion in ruling on a request for costs, this Court reviews:

> Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, ___, 421 P.3d 187, 194 (2018). The party opposing an award of costs bears the burden of demonstrating there was an abuse of discretion by the district court. *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 313, 109 P.3d 161, 167 (2005).

## III. ANALYSIS

### A. The district court's award of costs constituted an abuse of discretion.

Idaho Rule of Civil Procedure 54(d) allows the trial court to award a prevailing party its costs incurred in prosecuting an action. The question for appeal is whether the district court abused its discretion in granting costs against NIR.

NIR's initial challenge is that the district court failed to recognize its discretion here. Although the district court did not explicitly state it was making a discretionary decision about costs, it is "clear from the record that the district court recognized [the award of costs] as one of discretion." *Hall v. State*, 151 Idaho 42, 50, 253 P.3d 716, 724 (2011). The district court clearly articulated the Rule and separately analyzed its awards of costs as a matter of right and discretionary costs. The district court also stated that it was "authorize[d]" to award discretionary costs under Idaho Rules of Civil Procedure 54—not that it had to do so. And by citing Rule 54(d)(1)(D), the district court referred to such costs as "discretionary costs" throughout its memorandum decision and determined that certain discretionary costs were "necessary and exceptional, reasonably incurred, and *should* in the interest of just be assessed against [NIR]." (Emphasis added). Therefore, although the district court made no explicit statement that the grant of costs is a discretionary matter, the court viewed its decision-making process as a discretionary one.

As noted, nearly the entire cost burden for the Valiant foreclosure, including the litigation guarantee purchased before commencement of the Valiant foreclosure, has been borne by three

5

defendants: JV and VP, both of which litigated the case through trial, and NIR, which unsuccessfully defended a summary judgment motion and lost a motion to reconsider. We recognize our standard of review, and acknowledge the preeminent position of the district court to review the entirety of the seven-year case and award costs as it determined was equitable; however, even under that deferential standard of review we conclude that the district court abused its discretion in the way that costs were awarded here.

As noted above, the court awarded a sizeable judgment, exceeding $21 million, against POBD. The court also found that POBD was responsible for attorney fees, which it awarded against POBD in an amount exceeding $700,000. Discretionary costs were also awarded against POBD in the sum of $1,312.24, as were costs as a matter of right in the sum of $3,649.74. The most-expensive cost item in this suit was the litigation guarantee, which amounted to $20,705.00.

When reviewing matters involving the discretion of the court we apply the four-prong *Lunneborg* test set forth above. Here we conclude that the district court understood its discretion and acted within the outer boundaries of that discretion. We hold, however, that the court erred regarding the other two prongs of discretion: acting consistently with the legal standards applicable to the specific choices available to it and reaching its decision by the exercise of reason.

1. The district court abused its discretion by using a formulaic analysis in this case.

As noted, the district court awarded costs against the three defendants on a percentage basis. The only explanation noted by the court for this conclusion is that the court "is authorized by Idaho Rule of Civil Procedure 54 to apportion costs between the defendants." The authority that the court relied on only allows for an apportionment when "a party to an action prevailed in part and did not prevail in part . . . ." I.R.C.P. 54(d)(1)(B). Thus, by apportioning costs according to its formula, without providing any additional reasoning, the court failed to properly apply the applicable legal standard while exercising its discretion. This is not to say that trial courts cannot assess costs to non-prevailing co-defendants in a proportionate way, based on their respective responsibilities for those costs; however, when a court does so, it must provide the basis for its reasoning, particularly stating *why* the costs should be apportioned among the adverse parties in the manner designated by the court. The court's order here failed to state those reasons, other than intimating that NIR did not participate at trial, and thus was ordered to pay a

6

smaller percentage. The court's percentage itemization alone is insufficient to establish that the court exercised reason in reaching its decision.

As noted, the trial court gave NIR some credit for not appearing at the trial in this case by assessing only 25% of the total costs against it, rather than 33% of those costs, which would have amounted to an equal splitting of 1/3 for each defendant which opposed Valiant in the foreclosure case. While the court's decision had the effect of reducing NIR's cost obligation by 8% compared to an equal split, using such a formula for apportioning costs, without more, was inadequate. The district court's opinion awarding costs did not go into great detail why the 25% amount was an appropriate landing spot in its analysis, other than "[r]ecognizing that NIR participated in pre- and post-trial motion practice, but not in the court trial." Such a perfunctory declaration is insufficient in circumstances like this case, when a party is not an active participant in the trial. As a result, "our role is to note the error made and remand the case for [the trial court to make] appropriate findings. *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15–16, 175 P.3d 172, 177–78 (2007) (citing *Miller v. Haller,* 129 Idaho 345, 351, 924 P.2d 607, 613 (1996)).

2. The district court abused its discretion in awarding some costs as a matter of right against NIR.

Rule 54(d) allows the district court to award certain enumerated costs "as of right" to the prevailing party in a litigation. The Rule provides that those costs are awardable, as long they are reasonably incurred, I.R.C.P. 54(d)(1)(C), without the need for much additional analysis by the court. That said, we hold that for a party to be responsible to pay for such costs, one factor which the court must consider is whether the party was an active participant in the litigation when the costs were incurred. The court's summary findings here do not adequately address this question.

The court awarded costs as a matter of right against NIR for these items: Court filing fees, witness fees, expenses of certified copies of documents admitted as evidence in hearings or at trial, costs of preparing models, maps, pictures, photographs or other exhibits not to exceed $500, and charges for reporting and transcribing depositions. NIR was held responsible for 25% of the total sum awarded for these costs.

Rule 54(d)(1)(C)(iii)-(iv) makes it clear that witness fees and travel costs are limited to witnesses who testify *at trial*. Similarly, Rule 54(d)(1)(C)(vi)-(vii) makes it clear that costs for certified documents and other exhibits pertain only to those items admitted *at a trial or hearing*. Given the express language of these rules, NIR should not be taxed with any amount of these

7

costs where it did not participate in the trial or hearings[2] at issue. NIR's absence from the trial means that it is not responsible for any amount of costs as a matter of right that were incurred relating solely to the trial. For example, the costs for "documents admitted as evidence" at trial, costs for "preparation of models, maps, pictures, photographs or other exhibits admitted at trial," or "witness fees or travel expenses for witnesses to attend the trial," *see id.* subsections iii-vii, are not the responsibility of NIR. Thus, the court's blanket award of 25% of those costs against NIR violated the legal standard applicable to awarding such costs.

The deposition costs, however, present a different question. Rule 54(d)(1)(C)(x) provides that the prevailing party is entitled to "charges for reporting and transcribing of a deposition taken in preparation for trial of an action, whether or not read into evidence in the trial of an action." Similarly, Rule 54(d)(1)(C)(xi) covers the "charges for one (1) copy of any deposition taken by any of the parties to the action in preparation for trial of the action." There is no requirement that the deposition be used at trial, and thus there is no requirement that ongoing participation in the litigation is a prerequisite for awarding such costs. The timing of a deposition should not necessarily determine who is responsible for the cost. Here, there may have been depositions taken before NIR became a party to the action that benefitted NIR or saved the company from the expense of taking its own deposition of a particular witness. Whether, and how much, NIR should be assessed with a portion of these deposition costs will be left to the district court on remand. *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct.App. 1986).

3. <u>The district court's award of some discretionary costs constituted an abuse of discretion.</u>

NIR asserts that the district court failed to apply the applicable legal standards when it awarded discretionary costs. Idaho Rule of Civil Procedure 54(d)(1)(D) provides:

> [A]dditional items of cost not enumerated in, or in an amount in excess of that listed in subpart (C) may be allowed on a showing that the costs were necessary and exceptional costs, reasonably incurred, and should in the interest of justice be assessed against the adverse party. The trial court, in ruling on objections to discretionary costs, must make express findings as to why the item of discretionary cost should or should not be allowed.

---

[2] The parties and district court may have to re-examine which hearings NIR participated in and when the costs were incurred to determine what, if any, costs should be awarded in this category.

8

Thus, to be awardable, discretionary costs must: 1) be necessary; 2) be exceptional; 3) be reasonably incurred; and 4) in the interest of justice be assessed against the adverse party. The trial court must also "make express findings" about why discretionary cost items should or should not be allowed. As we recognized in *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 109 P.3d 161 (2005):

> The district court may in its discretion award a prevailing party certain costs where there has been "a showing that the costs are necessary and exceptional, reasonably incurred, and should in the interests of justice be assessed against the adverse party." I.R.C.P. 54(d)(1)(D). Any party opposing the award will bear the burden of demonstrating an abuse of discretion by the trial court. I.R.C.P. 54(d)(1)(C),(D); When ruling upon objections to discretionary costs the district court is required to make express findings as to whether the costs are reasonable, necessary, and exceptional and should be awarded against the adverse party in the interests of justice. I.R.C.P. 54(d)(1)(D); *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 60, 995 P.2d 816, 830 (2000)(where trial court failed to describe the circumstances giving rise to its allowing or disallowing certain costs the reviewing court could not determine if the trial court had applied the correct legal standard).
> . . . .
> In reviewing a grant or denial of discretionary costs, the key issue is whether the record indicates express findings by the district court as to whether a cost was necessary, reasonable, exceptional and should be awarded in the interests of justice. The district court does not have to engage in a lengthy discussion of these factors.

141 Idaho at 315, 109 P.3d at 169 (internal quotations and citations omitted).

Invariably, disputes over discretionary costs seem to center on whether the cost is "exceptional" and whether it is just to assess the adverse party with it. Several years ago, this Court recognized in *Hoagland v. Ada County*, 154 Idaho 900, 914, 303 P.3d 587, 601 (2013), that the Court had been inconsistent with its handling of what constitutes an "exceptional" cost. The Court compared and contrasted the results in six different cases, concluding that it needed to clarify what makes a case exceptional and the criteria that trial courts should consider:

> We therefore clarify that numerous complaints, depositions and expert testimony does not render a case in and of itself exceptional. Rather, courts should assess the context and nature of a case as a whole along with multiple circumstances. The mere fact numerous experts were retained or numerous amendments were filed does not standing alone render a case exceptional. *Particular standards a court should consider include, but are not limited to, whether there was unnecessary duplication of work, whether there was an unnecessary waste of time, the frivolity of issues presented, and creation of unnecessary costs that could have been easily avoided. Most importantly,*

*however, a court should explain why the circumstances of a case render it exceptional.*

*Hoagland*, 154 Idaho at 914, 303 P.3d at 601 (emphasis added). The key point from this pronouncement is that the Court's suggested "standards a court should consider" are *not* limited to blame-worthy conduct. While such misdeeds may support an award of an exceptional discretionary cost, we take this occasion to note again that a cost is not exceptional simply because it is labeled as such. Moreover, costs other than those attributable to Rule 11-type misconduct can also be exceptional. The takeaway is that a cost cannot simply be labeled as "exceptional" without adequate explanation. Counsel seeking an award of discretionary costs, and trial courts awarding the same must provide reasons *why* a particular cost is *exceptional.*

Here, the district court was required to make express findings about the general character of costs and why they were necessary, reasonable, exceptional, and should be awarded in the interest of justice. The district court made these five express findings about discretionary costs:

1. The witness fees Valiant paid in excess of the $20.00 per day were necessary and exceptional, reasonably incurred, and should in the interest of justice be assessed against defendants.
2. The case required the scanning and copying of thousands of pages of documents. Mr. Stacy estimates that approximately 27,000 documents were produced in discovery; nearly 200 documents were scanned into exhibits for trial; and hard copies of all exhibits were required for the witnesses and record at trial. These costs were necessary and exceptional, reasonably incurred, and should in the interest of justice be assessed against the defendants.
3. In order to ensure that every person or entity with an interest in the Idaho Club Property was named as a defendant in the Valiant Foreclosure, Valiant obtained and paid for a Litigation Guarantee. This Litigation Guarantee was critical to the foreclosure action, and the Court finds that it was a necessary and exceptional cost, reasonably incurred, and should in the interest of justice be assessed against the defendants.
4. Counsel for Valiant is located in Boise, Idaho. Valiant incurred significant travel expenses to and from the multiple hearings that were necessary in the Valiant Foreclosure. Although this Court has found no frivolous conduct on the part of the defendants, at several of those hearings, counsel for one or more of the defendants presented oral arguments not supported by any legal authority or raised issues and claims that had already been determined on summary judgment. Because of the complexity of the case, it was necessary for counsel to appear in person and not by telephone. Thus, the court finds these travel costs were necessary and exceptional, reasonably incurred, and should in the interest of justice be assessed against the defendants.
5. Similarly, because Valiant had to defend against multiple motions for reconsideration by the defendants, some of which contained claims unsupported by any legal authority or that had already been determined on

summary judgment, the Court finds certain other cost were also necessary and exceptional and reasonably incurred, and in the interest of justice should be assessed against the defendants. They include Valiant's (i) outsourced photocopy expenses; (ii) in-house photocopy expenses; (iii) postage expenses; (iv) courier costs; (v) telephone expenses; and (vi) cost of computer-assisted research.

As an initial matter, the cost for computer-assisted research is not to be included in an award of costs. Such expenses may only be included as part of an attorney fee award. I.R.C.P. 54(e)(3)(K) ("the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case" may be considered in determining the amount of an attorney fee award). The district court abused its discretion when it included computer-based research as a discretionary cost.

Other than for the litigation guarantee, which we will discuss separately, the court's findings as to travel expenses, photocopy expenses, postage expenses, courier costs, and telephone expenses require additional findings to support the court's exercise of discretion. The district court did not consider the *Hoagland* factors when it decided to award scanning, postage, courier and copying costs here. As we noted in *Hoagland*, "approximately 27,000 documents were produced in discovery; nearly 200 documents were scanned into exhibits for trial and hard copies of all exhibits were required for the witnesses and record at trial." 154 Idaho at 914, 303 P.3d at 601. Without an explanation of *why* these discretionary costs were exceptional (there is nothing particularly exceptional about producing 27,000 documents in modern litigation), the district court's decision cannot stand.

We also part ways with the district court's holding NIR responsible for costs because of "multiple motions for reconsideration [filed] by the defendants." NIR filed one such motion. It was also held responsible for travel costs for several "hearings [where] counsel for one or more of the defendants presented oral arguments not supported by any legal authority or raised issues and claims that had already been determined on summary judgment." If these were hearings at which NIR was making such arguments, they are rightly responsible for those costs; however, if they were not part of such hearings, or did not make unsupported legal arguments, it is inappropriate to hold them responsible for those charges. The court must address this distinction in its findings upon remand.

We also note that the failure to award *any* of these discretionary costs to POBD, whose default generated this litigation in the first place, to be an abuse of discretion. While the court

11

found that it was awarding most the costs against JV, VP and NIR because "POBD did not defend against the Valiant Foreclosure or participate adversely to Valiant at trial, . . ." the trial court must also consider the "interests of justice" requirement for awarding costs, and include the primary party responsible for those costs in its calculation. In apportioning costs in the future, we recognize that the judgment as to POBD is final and cannot be reopened. Even so, POBD's proportionate share must be considered and factored-into the court's future apportionment of costs among the remaining three parties – NIR, JV and VP.

Which party, if any, should bear the cost of the litigation guarantee is the biggest issue on appeal. The district court made that call in favor of Valiant, noting the complexity of the litigation and finding expressly that the guarantee was critical to ensure that proper parties were named as defendants. The district court's decision stated:

> In order to ensure that every person or entity with an interest in the Idaho Club Property was named as a defendant in the Valiant Foreclosure, Valiant obtained and paid for a Litigation Guarantee. This Litigation Guarantee was critical to the foreclosure action, and the Court finds that it was a necessary and exceptional cost, reasonably incurred, and should in the interest of justice be assessed against the defendants.

The district court's decision certainly used the language embodied in Rule 54, but it cannot be stretched to explain *why* the litigation guarantee constituted an exceptional cost as required by this Court's decision in *Hoagland*. The failure to make a required finding means that the decision does not reflect the exercise of reason and constitutes an abuse of discretion. *See Lunneborg*, 163 Idaho at ___, 421 P.3d at 194. NIR seems to be urging the Court to adopt the position that a litigation guarantee is never exceptional. We will not go that far, particularly in a case such as this where the litigation guarantee was not part of the record and we do not know its terms and conditions. While we agree with the premise that the type of title work reflected in a litigation guarantee is an essential part of every foreclosure action, purchasing a legal instrument that gives the foreclosing party financial recourse in the event of a title mistake may in fact be beyond the ordinary where it reflects unusual risks of loss associated with multiple parcels, overlapping encumbrances, and numerous parties. What financial recourse the litigation guarantee at issue provides and why it was purchased are things that should be considered on remand.

If the district court determines that the litigation guarantee was an exceptional cost, it must also re-examine how to apportion that cost among the *four* parties that Valiant moved

12

against. The district court apportioned no responsibility for the litigation guarantee to POBD. The district court's stated justification for limiting POBD's responsibility for costs was that POBD did not defend against the foreclosure or participate adversely to Valiant at trial. This reasoning simply does not hold up when it comes to the litigation guarantee. The litigation guarantee was purchased to ensure that the proper parties were named in the complaint. The need for this expense resulted from POBD's breach of contract and had nothing to do with POBD's conduct during the litigation. It is incongruent for the district court to assess POBD with over $700,000 in attorney's fees associated with the foreclosure, but exonerate it from liability for the litigation guarantee. While POBD did not appeal the fee award against it, the company's responsibility for the litigation guarantee must be re-examined in the context of determining what portion, if any, NIR should be assessed *in the interest of justice*. Given the factors set forth in *Hoagland*, a starting point for the inquiry would be examining whether NIR engaged in any conduct or took any position prior to the commencement of the litigation which caused or contributed to the need for the litigation guarantee. Without any such evidence, it is difficult to see why a third party lien holder in a judicial foreclosure action should be taxed with the cost of a litigation guarantee.

## IV. ATTORNEY FEES

Valiant requests attorney fees on appeal under Idaho Code section 12-121 and Idaho Appellate Rule 41 because Valiant contends that NIR's appeal was brought frivolously, unreasonably, and without foundation. Under these authorities, only the prevailing party has a right to fees. *Clayson v. Zebe*, 153 Idaho 228, 236, 280 P.l3d 731, 740 (2012). Since Valiant has not prevailed it is not entitled to attorney fees.

## V. CONCLUSION

For the reasons stated, the district court's judgment awarding costs against NIR is vacated and this case is remanded for further consideration by the district court consistent with this Opinion. Costs are awarded to NIR.

Chief Justice BURDICK, Justices HORTON, BRODY and Justice *pro tem* SCHROEDER, CONCUR.

13