# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46099

ROCKY W. FLETCHER and DELORES L. FLETCHER, husband and wife,

    Plaintiffs-Appellants,

v.

LONE MOUNTAIN ROAD ASSOCIATION, an Idaho unincorporated non-profit association; ALAN K. SIMS, an individual; LOU ANN STAMP, an individual; EUGENE DEPAULIS, an individual; THOMAS D. VALENZUELA, an individual; ROY STULTS and MARILYN STULTS, husband and wife; ANDREW J. PONDER and DARCY PONDER, husband and wife; ROBERT L. IMPERATRICE and JEAN IMPERATRICE, husband and wife,

    Defendants-Respondents,

and

DOUGLAS B. GRANT and JANE DOE GRANT, husband and wife; CCM, LLC, an Idaho Limited Liability Company; BRIAN REED, an individual; RICK M. PICCININI, an individual; EDWARD J. SITAR, an individual; KATHLEEN STONE, an individual; LINDA D. SUTLIFF, an individual; RAWLAND L. AHLMAN, an individual; RAWLAND L. AHLMAN, Trustee of the RAWLAND L. AHLMAN LIVING TRUST and CHERYL A. WILSON, Trustee of the NORMA A. AHLMAN MARITAL TRUST; JANET L. RICHMOND, an individual; GARY A. WILSON and JANE DOE WILSON, husband and wife; DANIEL D. GREGG, an individual; RYAN C. WELLS, an individual, and JOHN K. MOATS and JANE DOE MOATS, husband and wife;

Boise, August 2019 Term

Filed: November 13, 2019

Karel A. Lehrman, Clerk

|                    |   |
|--------------------|---|
|                    | ) |
| **Defendants.**    | ) |
|                    | ) |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Charles W. Hosack, District Judge.

The district court's decision is <u>reversed and the case remanded</u>.

James, Vernon & Weeks, P.A., Coeur d'Alene, for appellants, Rocky W. and Delores L. Fletcher. Susan P. Weeks argued.

Ramsden, Marfice, Ealy & Harris, LLP, Coeur d'Alene, for respondents Alan K. Sims and Andrew J. and Darcy Ponder. Michael E. Ramsden argued.

Lou Ann Stamp, Athol, respondent pro se.

Eugene DePaulis and Lucinda DePaulis, Athol, respondents pro se.

Roy Stults and Marilyn Stults, Athol, respondents pro se.

Robert Imperatrice and Jean Imperatrice, Athol, respondents pro se.

Thomas Valenzuela, Athol, respondent pro se.

Lone Mountain Road Association, Athol, respondent pro se.

_____

BRODY, Justice.

Rocky and Delores Fletcher appeal the district court's denial of attorney fees on remand after an amended judgment was entered in their favor. The district court awarded some costs to the Fletchers as the prevailing parties but found that the subdivision's covenants, conditions, and restrictions (CC&Rs), which govern this dispute, did not provide a basis for an award of attorney fees. We reverse the district court's decision, holding that the Fletchers' declaratory judgment action constituted an "enforcement action" under section 5.1 of the CC&Rs. We remand the case to the district court for a determination of the amount of reasonable attorney fees to be awarded and apportionment of those fees against the parties.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

2

The Fletchers first appealed to this Court in 2017 following an adverse judgment from the district court. *Fletcher v. Lone Mountain Road Association*, 162 Idaho 347, 349–50, 396 P.3d 1229, 1231–32 (2017). The Fletchers own property in the Twin Lakes Meadows Subdivision in Kootenai County. There is a private gravel and dirt road known as "Lone Mountain Road" which runs through the subdivision. Some of the lots, but not all, adjoin or connect to the road. Over the years, because Delores Fletcher suffers from asthma, the Fletchers used asphalt grindings, oiling, and other dust control methods—at their own expense—to abate the dust on the stretch of Lone Mountain Road that is adjacent to their property. Disputes arose for several contentious years between the Fletchers and the "Lone Mountain Road Association"—i.e. the Fletchers' neighbors—over the payment of maintenance costs incurred by the Association, attempts to stop the Fletchers from utilizing their own dust control methods, and the repair of potholes. The disputes came to a head in 2009 when the Association made written demand that the Fletchers stop oiling Lone Mountain Road.

In response to their neighbors' demand, the Fletchers brought this declaratory judgment action, seeking a declaration which outlined the rights and responsibilities of subdivision property owners with respect to Lone Mountain Road. The relief sought included a determination of the ownership of the road and a determination of the parties' rights to use and maintain the road. The Fletchers also brought a claim for trespass against defendants Alan Sims and Lone Mountain Road Association. Counterclaims were filed against the Fletchers alleging nuisance. The district court dismissed the nuisance claims in June of 2015, and later dismissed the trespass claims as well, leaving only the issue of the declaration of the rights and responsibilities of the lot owners for maintenance of Lone Mountain Road.

The district court held that the subdivision's CC&Rs were ambiguous with regard to maintenance obligations and were contrary to Idaho's easement laws. *Id.* The Fletchers appealed, and we reversed the judgment in part. *Id.* We remanded the case to the district court with instructions to enter an amended judgment declaring that the Lone Mountain Road Association had no right to maintain the road and that it had no right to obtain involuntary contributions from lot owners for past expenditures. *Id.* at 356-57, 396 P.3d at 1239-40. We also held that "the Fletchers [were] the prevailing party" and remanded the case to the district court for entry of an amended judgment. *Id.* at 357, 396 P.3d at 1240. We did not award attorney fees on appeal because the Fletchers sought fees against the Association only "if it chose to participate." *Id.* at

3

356, 396 P.3d at 1238. The Lone Mountain Road Association did not participate in the appeal. *Id.*

On remand, the district court entered an amended judgment. Shortly thereafter, the Fletchers filed a memorandum of costs and attorney fees pursuant to section 5.1 of the CC&Rs which states:

> Any Owner, and any governmental or quasi-governmental agency or municipality having jurisdiction over the Property shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens, and charges now or hereafter imposed by this Declaration, and in such action shall be entitled to recover costs and reasonable attorneys' fees as are ordered by the Court. Failure by any such person or entity to enforce any such provision shall in no event be deemed a waiver of the right to do so thereafter.

*Pro se* respondents, Stamp and DePaulises, objected to the award of attorney fees, arguing that the CC&Rs' enforcement provision did not provide for fees and costs in a declaratory judgment action. Respondents Sims and Ponders argued that the Fletchers failed to timely submit a memorandum of costs following the original judgment, and that the claim for fees should be fairly apportioned.

The district court held a hearing on the objections, and at the end of the hearing explained, "under my interpretation of 5.1, . . . a declaratory judgment action is not the type of enforcement action contemplated by Paragraph 5.1, entitling one to an award of attorney fees, even though the Fletchers are the prevailing party, there is no award of attorney's fees because 5.1 doesn't provide for it." The enforcement claims of nuisance and trespass, the district court added, were dismissed and lacked a prevailing party. The district court awarded some costs ($1,968.47) to the Fletchers pursuant to Idaho Rule of Civil Procedure 54(d). The Fletchers timely appealed. Only respondents Sims, Ponders, Stamp, and DePaulis, filed response briefs on appeal.

## II.    STANDARD OF REVIEW

This Court freely reviews questions of law and contract interpretation. *Adams v. Kimberley One Townhouse Owner's Ass'n, Inc.*, 158 Idaho 770, 773, 352 P.3d 492, 495 (2015). However, the decision to award attorney fees and costs lies within the discretion of the trial court; thus, we review such determinations for an abuse of discretion. *Westover v. Idaho Cntys. Risk Mgmt. Program*, 164 Idaho 385, 430 P.3d 1284, 1287 (2018). A trial court does not abuse its discretion when it "(1) correctly perceived the issue as one of discretion; (2) acted within the

outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.    ANALYSIS

The key inquiry on appeal is whether the district court erred in holding that section 5.1 of the CC&Rs did not provide for an award of attorney fees in this declaratory judgment action. Sims and Ponders raise two additional issues that concern the apportionment and segregation of attorney fees. We will address each issue in turn.

### A. The district court erred in holding that attorney fees could not be awarded under section 5.1 of the CC&Rs in this declaratory judgment action.

Section 5.1 of the CC&Rs governs an award of attorney fees. It states:

> Any Owner, and any governmental or quasi-governmental agency or municipality having jurisdiction over the Property shall have the right to **enforce**, **by any proceeding at law or in equity**, all restrictions, conditions, covenants, reservations, liens, and charges now or hereafter imposed by this Declaration, and in **such action** shall be entitled to recover costs and reasonable attorneys' fees as are ordered by the Court. Failure by any such person or entity to enforce any such provision shall in no event be deemed a waiver of the right to do so thereafter.

(Emphasis added). The district court held that Fletchers' declaratory judgment did not constitute the type of "enforcement" action contemplated by the language emphasized above. The Fletchers argue that the district court abused its discretion by applying the wrong legal standard in its analysis. More specifically, the Fletchers contend the CC&Rs provide for an award of attorney fees because the Fletchers brought the declaratory judgment action "in part to enforce the CC&Rs and prevent the defendants from maintaining the subdivision road without compliance with the CC&R provisions." We agree with the Fletchers' analysis.

"In any civil action the court may award reasonable attorney fees, . . . to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." I.R.C.P. 54(e)(1). This Court has recognized CC&Rs as contracts that may establish the basis for an award of attorney fees. *See, e.g., Adams*, 158 Idaho at 777–78, 352 P.3d at 499–500; *Asbury Park, LLC v. Greenbriar Estate Homeowners' Ass'n, Inc.*, 152 Idaho 338, 345, 271 P.3d 1194, 1201 (2012). Likewise, this Court generally applies contract principles when interpreting CC&Rs. *Adams*, 158 Idaho at 773, 352 P.3d at 495; *Sky Canyon Properties, LLC v. Golf Club at Black Rock, LLC*, 155 Idaho 604, 606, 315 P.3d 792, 794 (2013). "To determine whether a

covenant is ambiguous, the court must view the agreement as a whole to determine the intent of the parties at the time of contracting." *Best Hill Coal. v. Halko, LLC*, 144 Idaho 813, 817, 172 P.3d 1088, 1092 (2007). If a covenant is unambiguous, this Court applies its plain meaning as a matter of law. *Adams*, 158 Idaho at 773, 352 P.3d at 495. Furthermore, the Court will not rewrite contracts or extend by implication any restriction not clearly expressed in the covenants. *Id.*; *Best Hill Coal.*, 144 Idaho at 817, 172 P.3d at 1092.

The most analogous case to this situation is *Adams v. Kimberley One Townhouse Owner's Association, Inc.*, where a townhouse owner appealed an award of summary judgment entered in favor of the townhouse-owner's association. 158 Idaho 770, 771–72, 352 P.3d 492, 493–94 (2015). In *Adams*, each townhouse was subject to a declaration of covenants, conditions, and restrictions that did not specifically restrict the owner from leasing the unit. *Id.* After Adams rented his townhome to various individuals, he received complaints from neighboring townhome owners about parking violations, excessive noise, and a renter stealing produce from a neighbor's garden. *Id.* at 772, 352 P.3d at 494. Despite Adams' strong opposition, the association passed an amendment to the CC&Rs in 2013 that established several rental conditions and prohibitions, including a provision prohibiting an owner from renting a unit for a period of less than six months. *Id.* Adams then brought a declaratory judgment action seeking to invalidate the amendment and recover attorney fees. *Id.* at 772–73, 352 P.3d at 494–95. The district court awarded summary judgment to the townhouse association on cross-motions for summary judgment and awarded the association attorney fees and costs. *Id.* at 773, 352 P.3d at 495.

On appeal, this Court affirmed, holding that the 2013 amendment was valid and binding on Adams. *Id.* at 773–77, 352 P.3d at 495–99. The Court also held that the district court did not err in awarding attorney fees to the townhouse association in a declaratory judgment action where suit was brought "to enforce the covenants." *Id.* at 777, 352 P.3d at 498. This Court explained:

> In substance, this action was brought in response to the Association's attempt to enforce the 2013 Amendment and was an attempt by Adams to prevent enforcement of the 2013 amendment and to enforce the use provisions of the previous versions of the declaration. Therefore this action was properly characterized as one 'to enforce the [CC&Rs],' and the award of attorney fees below was not an abuse of discretion.

*Id.* at 777–78, 352 P.3d at 499–500.

In contrast, in *Henderson v. Henderson Inv. Properties, L.L.C.*, this Court reversed an award of attorney fees where the plaintiff did not seek to enforce the provisions of an LLC's operating agreement. 148 Idaho 638, 642, 227 P.3d 568, 572 (2010). In *Henderson*, the plaintiff filed a complaint for judicial dissolution of a limited liability company, followed by a second complaint seeking a declaratory judgment that the respondents were dissociated from the company. *Id.* at 639, 227 P.3d at 569. The district court consolidated the actions and held a trial, after which it found the respondents were entitled to attorney fees under the enforcement provision of the LLC's operating agreement. *Id.* This Court reversed that decision, determining that the district court abused its discretion by acting inconsistently with the operating agreement's legal standards on both claims. *Id.* at 640, 227 P.3d at 570. The plaintiff did not bring an "enforcement action" under the operating agreement by seeking judicial dissolution because enforcement "would be for the purpose of promoting the continued existence of the business, not ending it." *Id.* at 641, 227 P.3d at 571.

Here, like the situation in *Adams*, the Fletchers brought this declaratory judgment action in direct response to the Association's efforts to maintain Lone Mountain Road in a manner that was inconsistent with the CC&Rs. At its core, the action was brought to require strict compliance with the unambiguous terms of the CC&Rs and make it clear that the Association has no authority to maintain the road and that it has no authority to demand contributions from the Fletchers or other lot owners for past maintenance expenditures. The district court's conclusion that this was not an action to "enforce" the CC&Rs was erroneous, and therefore, its decision to deny attorney fees on this basis was not consistent with applicable legal standards. Accordingly, we reverse the district court's denial of fees because it constituted an abuse of discretion.

**B. Equitable allocation should be left to the district court's sound discretion.**

Sims and Ponders argue that if the Court finds an abuse of discretion by the district court, "there is no principled reason to penalize those who defended the action from those who did not." As such, the Respondents argue that the Court should remand the case with instructions to allocate attorney fees amongst the 19 defendants. The Fletchers contend that there is no authority to support that argument and that Idaho Rule of Civil Procedure 54(d)(1)(B) allows the district court to apportion costs amongst parties equitably. We agree that the allocation of attorney fees should be left to the district court's discretion.

Idaho Rule of Civil Procedure 54(d)(1)(B) provides:

7

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

Furthermore, a trial court may "assess costs to non-prevailing co-defendants in a proportionate way, based on their respective responsibilities for those costs." *Valiant Idaho, LLC v. N. Idaho Resorts, LLC*, 164 Idaho 222, 228, 428 P.3d 800, 806 (2018). "[W]hen a court does so, it must provide the basis for its reasoning, particularly stating *why* the costs should be apportioned among the adverse parties." *Id.* (emphasis included). Because an award of costs is committed to the sound discretion of the district court, we will not order or provide instruction on the allocation of attorney fees in advance of the district court making this determination. *See, e.g., Zimmerman v. Volkswagen of Am., Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996).

### C. Segregation of attorney fees should be left to the district court's sound discretion.

Sims and Ponders next argue that "there is just something manifestly unfair" about letting the Fletchers claim attorney fees as the prevailing party without segregating the work done on original claims for trespass, negligence, and additional dismissed counterclaims. They also argue this Court should affirm the district court's denial of attorney fees on the alternative basis that the Fletchers only partially prevailed below. The Fletchers argue that they did not seek attorney fees for the nuisance counterclaims or costs incurred on the first appeal, as Respondents contend. The Fletchers also argue that Sims and Ponder have raised the issue of partially prevailing for the first time on appeal.

Both this Court and the district court on remand determined that the Fletchers were the prevailing parties. Sims and Ponders cannot seek, for the first time on appeal, a new determination that the Fletchers only prevailed in part. "In general, issues presented for the first time on appeal will not be considered." *State v. Doe*, 123 Idaho 370, 371, 848 P.2d 428, 429 (1993). While Sims and Ponders included this argument in their objections below, they never appealed, or otherwise challenged, the court's determinations that the Fletchers were the prevailing party. Because their argument would effectively, and improperly, ask this Court to change that prevailing-party determination, the argument will not be addressed.

Respondents also cite *Hackett v. Streeter*, 109 Idaho 261, 706 P.2d 1372 (Ct. App. 1985), to argue that compensable and non-compensable claims must be segregated. However, as previously explained by this Court, *Hackett* "mandates segregation of fees for multiple clients; it does not require that fees be segregated according to the specific claims of each client." *Smith v. Mitton*, 140 Idaho 893, 901, 104 P.3d 367, 375 (2004). In addition, where there is one overall prevailing party entitled to an award of attorney fees by statute or contract, "the award of reasonable attorney fees is not required to be limited to the claims upon which the prevailing party prevailed." *Advanced Med. Diagnostics, LLC v. Imaging Ctr. of Idaho, LLC*, 154 Idaho 812, 815–16, 303 P.3d 171, 174–75 (2013).

The law does not mandate the segregation of attorney fees based on claims pursued at trial and those dismissed before trial began, nor may it be feasible. Whether to limit an award of attorney fees to a specific claim is a matter left to the district court's sound discretion.

## IV. CONCLUSION

We reverse the district court's decision and remand this matter to the district court for a determination of the amount of attorney fees to which the Fletchers are entitled, and the allocation of responsibility for those fees amongst the parties. We also award Fletchers costs and attorney fees on appeal because they once again prevailed in enforcing the CC&Rs. The Fletchers must specify in their memorandum of fees and costs the specific parties against whom they seek an award on appeal. This Court will then determine the reasonable amount of attorney fees and costs on appeal and apportion the fees and costs on an equitable basis.

Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.